UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Michael L. Moore,<br><br>PETITIONER<br><br>v.<br><br>Warden of FCI Edgefield,<br><br>RESPONDENT | Case No. 9:20-cv-02089-TLW<br><br>**Order** |

This matter comes before the Court for consideration of Petitioner Michael L. Moore's pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the reasons stated below, the Court dismisses his petition.

## I.     Factual and Procedural History

### A.     Federal prosecution

In September 2008, Moore was charged in the Eastern District of Virginia with possessing with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Indictment, *United States v. Moore*, No. 3:08-cr-00389 (E.D. Va. Sept. 3, 2008), EDVA ECF No. 1.[1] He declined to plead guilty and proceeded to trial.

---

[1] Citations to documents filed in the underlying criminal case will be in the format of "EDVA ECF No. ___," while citations to documents filed in this habeas case will be in the format of "ECF No. ___."

1

During the one-day trial, the Government read the following stipulation to the jury regarding the felon in possession count:

> It is hereby agreed by the undersigned parties that the following stipulation applies:
>
> Prior to July 10, 2008 [the offense date], Michael Moore, the defendant herein, was convicted of a crime punishable by imprisonment for a term exceeding one year, and there has been no restoration of the defendant's civil rights, including the right to own or possess a firearm.

Trial Tr. 78:19–79:1. After the parties rested, the district judge provided the following instructions to the jury regarding the elements of the felon in possession count:

> To establish a violation of Title 18, United States Code, Section 922(g)(1), the United States must prove beyond a reasonable doubt the following three elements.
>
> First, the defendant was convicted in any court of an offense punishable by imprisonment for a term exceeding one year.
>
> Second, the defendant thereafter knowingly possessed a firearm or ammunition.
>
> And, third, the firearm or ammunition was in or affecting interstate or foreign commerce.
>
> It is not necessary for the United States to prove that the defendant knew that he was not permitted to possess a firearm or ammunition. It is sufficient if you find beyond a reasonable doubt that he was previously convicted of an offense punishable by imprisonment for a term exceeding one year, and that thereafter he knowingly possessed a firearm or ammunition.

Trial Tr. 113:5–23.

The jury found Moore guilty on all three counts. EDVA ECF No. 24. He was sentenced as a career offender to a total of 360 months imprisonment, consisting of 60 months on the drug count, 120 months on the felon in possession count, and 180 months on the § 924(c) count, all to run consecutively. EDVA ECF No. 38. He filed a

direct appeal challenging his career offender enhancement and his convictions on the drug and § 924(c) counts, but the Fourth Circuit affirmed. *United States v. Moore*, 350 F. App'x 793, 797 (4th Cir. 2009).

### B.    Prior habeas petitions

Moore filed his first § 2255 petition in September 2010, but the district judge denied relief. *United States v. Moore*, No. 3:08-cr-00389, 2013 WL 3805144, at *3 (E.D. Va. July 22, 2013). The Fourth Circuit denied a certificate of appealability and dismissed the appeal. *United States v. Moore*, 546 F. App'x 319, 320 (4th Cir. 2013).

Moore filed a second § 2255 petition in April 2016, but because he had not obtained the Fourth Circuit's authorization to file a successive petition, the district judge dismissed the petition for lack of jurisdiction. *United States v. Moore*, No. 3:08-cr-00389, 2016 WL 2593930, at *1 (E.D. Va. May 4, 2016).

Additionally, on at least four occasions, Moore filed motions in the Fourth Circuit seeking authorization to file a successive § 2255 petition. The Fourth Circuit denied the first three motions. Order, *In re: Michael L. Moore*, No. 17-192 (4th Cir. Apr. 26, 2017), ECF No. 6; Order, *In re: Michael L. Moore*, No. 16-9641 (4th Cir. July 15, 2016), ECF No. 9; Order, *In re: Michael L. Moore*, No. 16-362 (4th Cir. May 11, 2016), ECF No. 6. The Fourth Circuit is currently holding the most recent motion in abeyance pending its decision in another case. Order, *In re: Michael L. Moore*, No. 21-156 (4th Cir. May 10, 2021), ECF No. 8.

In addition to Moore's § 2255 efforts, he has also filed three § 2241 petitions in

the District of South Carolina, all of which have been dismissed.[2] *Moore v. Warden F.C.I. Edgefield*, No. 9:18-cv-01050, 2019 WL 451213, at *1 (D.S.C. Feb. 5, 2019); *Moore v. Mosley*, No. 9:17-cv-02461, 2019 WL 451204, at *1 (D.S.C. Feb. 5, 2019); *Moore v. United States*, No. 9:10-cv-00169, 2010 WL 2893815, at *1 (D.S.C. July 22, 2010).

### C.    Current habeas petition

In the § 2241 petition now before the Court, Moore raises a single argument: that in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), his felon in possession conviction should be vacated because the jury was not informed of all of the elements of the charge. *See* ECF No. 1 at 6. Prior to the Supreme Court issuing its opinion in *Greer v. United States*, 141 S. Ct. 2090 (2021), the Government filed a motion for summary judgment. The Government argued that, although the Court has jurisdiction to consider the petition, it should be dismissed because the claim is procedurally defaulted and, alternatively, that he is not entitled to relief on the merits. *See* ECF No. 23-1 at 5. Moore then filed a response in opposition. ECF No. 29.

The magistrate judge to whom this case was assigned issued a post-*Greer* Report and Recommendation (Report), concluding that Moore's petition should be dismissed for lack of jurisdiction. ECF No. 30 at 8. The magistrate judge also concluded that even if jurisdiction were present, the petition fails on the merits.[3] *Id.*

---

[2] He is currently incarcerated at FCI Edgefield in Edgefield, South Carolina.

[3] The magistrate judge did not address the Government's procedural default

4

at 8 n.4. Moore did not file objections to the Report.

This matter is now ripe for decision.

## II.   Discussion

### A.   Background regarding *Rehaif* and *Greer*

Before addressing the petition itself, a background discussion of *Rehaif* and *Greer* is warranted.

As relevant here, § 922(g)(1) provides that it is "unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition."[4] 18 U.S.C. § 922(g)(1). Then, § 924(a)(2) provides that "[w]hoever *knowingly* violates subsection [(g)] of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both." 18 U.S.C. § 924(a)(2) (emphasis added).

Prior to *Rehaif*, it was broadly understood that the word "knowingly" in § 924(a)(2) only modified a defendant's possession of a firearm, not his felon status. *See, e.g.*, *United States v. Langley*, 62 F.3d 602, 605–06 (4th Cir. 1995) (en banc). Thus, courts understood a felon in possession conviction to require proof beyond a

---

argument.

[4] Although the specific language in § 922(g)(1) is that the prior conviction must be for "a crime punishable by imprisonment for a term exceeding one year," the Court will use shorthand references to a "felony conviction" or similar phrasing.

5

reasonable doubt of three elements: (1) a prior felony conviction; (2) knowing possession of a firearm; and (3) the firearm traveled in interstate or foreign commerce at some point during its existence. *See id.* at 606. Consistent with that understanding, the district judge in this case explained those elements to the jury. *See* Trial Tr. 113:5–23.

In *Rehaif*, the Supreme Court expanded the knowledge requirement when it concluded that "knowingly" modifies not just a defendant's possession of a firearm, but also his status.[5] *See Rehaif*, 139 S. Ct. at 2194. Thus, it is now clear that there is a fourth element to a felon in possession charge: at the time of the firearm possession, the defendant knew that he had a prior felony conviction. *See Greer v. United States*, 141 S. Ct. 2090, 2095 (2021) ("In felon-in-possession cases after *Rehaif*, the Government must prove not only that the defendant knew he possessed a firearm, but also that *he knew he was a felon* when he possessed the firearm.").

The Supreme Court's recent *Greer* decision was a consolidated appeal with two defendants and involved the issue of whether they were entitled to plain-error relief on direct appeal for unpreserved *Rehaif* errors. *Id.* at 2096. The Supreme Court held that a defendant in that situation satisfies the plain-error test only if he can show

---

[5] The defendant in *Rehaif* was prohibited from possessing a firearm under § 922(g)(5)(A) due to his status as an alien who was illegally or unlawfully in the United States, rather than the more commonly-prosecuted situation where the firearm possession is prohibited under subsection (g)(1) due to a defendant's status as a felon. But the knowledge-of-status requirement applies regardless of which status category the defendant falls into under subsection (g). *See Rehaif*, 139 S. Ct. at 2194 ("To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it.").

6

that the *Rehaif* error affected his substantial rights, which requires him to "show[ ] a 'reasonable probability' that, but for the *Rehaif* error, the outcome of the district court proceedings would have been different." *Id.* at 2097. The Supreme Court noted that this is a difficult requirement to meet because "[i]f a person is a felon, he ordinarily knows he is a felon. 'Felony status is simply not the kind of thing that one forgets.'" *Id.* (quoting *United States v. Gary*, 963 F.3d 420, 423 (4th Cir. 2020) (Wilkinson, J., concurring in denial of reh'g en banc)). The Supreme Court held that neither defendant could satisfy that test because both had multiple felony convictions and neither asserted that they would have made the argument that they did not know they were felons when they possessed firearms. *Id.* at 2097–98.

Moore is in an even more difficult situation than the defendants in *Greer* because his case is not on direct appeal. Instead, the issue for him is whether he can use habeas corpus to successfully challenge his pre-*Rehaif* conviction for being a felon in possession of a firearm. The Court concludes that he cannot, so habeas relief is not appropriate.

### B.    Jurisdiction under § 2241

The first question the Court must resolve is whether it has jurisdiction to consider Moore's petition. The general federal habeas statute, § 2241, allows a federal inmate to seek a writ of habeas corpus in the district where he is confined. *See* 28 U.S.C. § 2241(a). Due to the practical difficulties involved in litigating a habeas case is a district other than that in which the inmate was prosecuted and sentenced, Congress enacted § 2255, which channels federal inmates' habeas petitions to their

7

sentencing courts. *See* 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."). As the Supreme Court has recognized, this was merely a convenience measure; it did not limit the scope of federal habeas corpus. *See Davis v. United States*, 417 U.S. 333, 343–44 (1974) ("[Section] 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus. . . . [T]he sole purpose was to minimize the difficulties encountered in habeas corpus hearings by affording the same rights in another and more convenient forum." (citation omitted)). Thus, to ensure that habeas rights remain fully protected, a federal inmate may seek a writ of habeas corpus under § 2241 if § 2255 is "inadequate or ineffective to test the legality of his detention"—a provision known as the "savings clause." 28 U.S.C. § 2255(e); *see generally In re Jones*, 226 F.3d 328, 332–33 (4th Cir. 2000) (explaining the history of §§ 2241 and 2255).

In *Jones*, the Fourth Circuit promulgated a three-part test to determine whether the savings clause applies such that an inmate challenging his conviction may proceed under § 2241:

1. At the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;

2. Subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and

3. The prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

8

*Jones*, 226 F.3d at 333–34.[6] There is no dispute that Moore meets the first and third elements of the test. The only issue is whether he meets the second element, specifically whether, because of *Rehaif*, "the conduct of which [he] was convicted is deemed not to be criminal." That is itself a two-part question.

The first part of the question is: What is "the conduct of which [Moore] was convicted"? As noted above, the pre-*Rehaif* understanding was that a § 922(g)(1) charge had the following elements: (1) the defendant had a prior felony conviction; (2) the defendant knowingly possessed a firearm; and (3) the firearm traveled in interstate commerce. *See Langley*, 62 F.3d at 606. That is the conduct of which Moore was necessarily convicted at trial—he had a prior felony conviction and then knowingly possessed a firearm that traveled in interstate commerce. *See* Trial Tr. 113:5–23 (district judge's explanation of those elements to the jury).

Then, the second part of the question is: Does that conduct, standing alone, remain criminal post-*Rehaif*? *See Hahn v. Moseley*, 931 F.3d 295, 303 (4th Cir. 2019) ("A petitioner satisfies this standard if the substantive change in the law makes previously illegal conduct no longer a source of criminal liability."). Based on a reading of the relevant cases, the Court concludes that it does not. After *Rehaif* and the analysis set forth, an individual does not violate § 922(g)(1) by possessing a firearm that traveled in interstate commerce after having previously been convicted

---

[6] The *Jones* test applies when a federal inmate is challenging his conviction, while an inmate challenging his sentence must satisfy the four-part test in *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). Because Moore challenges his conviction, the *Wheeler* test is not applicable here.

of a felony. That individual has only violated § 922(g)(1) if, at the time of the firearm possession, he also *knew* he had a prior felony conviction. That was the focus of *Rehaif*. *See Greer*, 141 S. Ct. at 2095 ("In felon-in-possession cases after *Rehaif*, the Government must prove not only that the defendant knew he possessed a firearm, but also that *he knew he was a felon* when he possessed the firearm."). Allowing the fact-of-status element to alone satisfy the knowledge-of-status element would ignore *Rehaif*'s "knowledge" analysis. *Cf. United States v. Caldwell*, ___ F.4th ___, 2021 WL 3356951, at *13 (4th Cir. 2021) (concluding, in the context of plain-error review on direct appeal, that "the mere undisputed fact that [the defendant] was a felon at the time of the robbery is not dispositive" of whether a *Rehaif* error affected his substantial rights). Thus, Moore's stipulation and the jury's finding that he had a prior felony conviction are simply not relevant to the jurisdictional analysis.[7]

    Some courts have relied on the big-picture argument that "it is still illegal for felons to possess weapons and ammunition" to conclude that habeas petitioners in Moore's situation have not satisfied the savings clause. *See, e.g.*, *Erby v. Breckon*, No. 7:18-cv-00588, 2020 WL 1443154, at *7 (W.D. Va. Mar. 24, 2020) (denying a motion to amend a § 2241 petition to add a *Rehaif* claim because the court would have to dismiss the claim for lack of jurisdiction). But a habeas petitioner raising a *Rehaif* claim is not blocked by the savings clause simply because, in the broad sense, it is still illegal for felons to possess firearms. The specific issue for the savings clause

---

[7] His stipulation and the jury's finding are, however, relevant to the procedural default and merits analyses.

analysis is whether "the conduct of which [the petitioner] was convicted" is still a source of criminal liability, not whether it is illegal to violate § 922(g)(1). *Jones*, 226 F.3d at 334.

In any criminal case, if a jury found that a defendant did not commit all the elements of an offense, the jury would be obligated to return a verdict of not guilty. *See, e.g., Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016) ("Elements are the constituent parts of a crime's legal definition—the things the prosecution must prove to sustain a conviction. At a trial, they are what the jury must find beyond a reasonable doubt to convict the defendant and at a plea hearing, they are what the defendant necessarily admits when he pleads guilty."). That is the situation here. Consistent with the law as understood at the time, the jury in Moore's case was required to find, and necessarily did find, that the Government proved beyond a reasonable doubt only that (1) he was previously convicted of a felony offense and then (2) he knowingly possessed a firearm (3) that traveled in interstate commerce. That is the sole conduct of which he was convicted; the jury simply did not pass on the question of whether he also *knew* at the time of the firearm possession that he had been convicted of a felony offense. Speculation about what the jury would have done if instructed differently does not change what the jury actually did based on the district judge's instructions.

Because *Rehaif* changed the substantive law such that the conduct of which Moore was convicted is "no longer a source of criminal liability," he has satisfied the second element of the *Jones* test. *Hahn*, 931 F.3d at 303. As the Government concedes,

11

the Court therefore has jurisdiction to consider his § 2241 petition.

### C.     Procedural default

Although Moore's satisfaction of § 2255's savings clause opens the doors of the courthouse for consideration of his petition, he promptly runs into an imposing hurdle: the procedural default doctrine. The Fourth Circuit recently summarized the principles of procedural default:

> Generally speaking, habeas proceedings are not the time to raise arguments a prisoner could have made, but did not, in the proceedings culminating in his conviction. Principles of procedural default sharply limit a prisoner's ability to raise on collateral review claims not raised in his initial criminal proceeding or on direct appeal.

*Marlowe v. Warden, FCI Hazelton*, 6 F.4th 562, ___, 2021 WL 3160145, at *7 (4th Cir. 2021). Moore cannot surmount that hurdle.

Because Moore did not assert a knowledge-of-status claim in his initial criminal proceedings or on direct appeal, that claim is procedurally defaulted. A procedurally defaulted claim "may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted). Moore cannot demonstrate either.

#### 1.     *Cause and prejudice*

##### a.     *Cause*

To demonstrate cause, a habeas petitioner must rely on "something external to the defense, such as the novelty of the claim or a denial of effective assistance of

12

counsel." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999). Although "a claim that is so novel that its legal basis is not reasonably available to counsel may constitute cause," a claim is not novel when "the Federal Reporters were replete with cases involving [similar] challenges." *Bousley*, 523 U.S. at 622. As the Supreme Court and Fourth Circuit have recognized, a poor likelihood of success cannot constitute cause. *See id.* at 623 ("[F]utility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." (citation omitted)); *Whiteside v. United States*, 775 F.3d 180, 185 (4th Cir. 2014) (en banc) ("The demands of finality oblige a petitioner to raise those claims that might possibly have merit even where he thinks the court will be unsympathetic to the claim; otherwise the claim is considered procedurally defaulted." (cleaned up)); *United States v. Sanders*, 247 F.3d 139, 146 (4th Cir. 2001) ("Although the court may not have been likely to accept [the petitioner's] argument, [he] plainly had at his disposal the essential legal tools with which to construct his claim.").

Here, Moore's claim is not novel. The knowledge-of-status issue that the Supreme Court ultimately resolved in *Rehaif* had been litigated for many years in the district and circuit courts, all well-before he was indicted. *See, e.g.*, *United States v. Jackson*, 120 F.3d 1226, 1229 (11th Cir. 1997); *United States v. Miller*, 105 F.3d 552, 555 (9th Cir. 1997); *United States v. Capps*, 77 F.3d 350, 352 (10th Cir. 1996); *Langley*, 62 F.3d at 606; *United States v. Dancy*, 861 F.2d 77, 81–82 (5th Cir. 1988). It is true that Moore would not have been successful in making the knowledge-of-status argument before the district court in light of *Langley*. And he would not have

13

been successful in making that argument on direct appeal unless he were able to either persuade the Fourth Circuit to overrule *Langley* en banc or persuade the Supreme Court to grant certiorari and overrule *Langley*. However, as the Supreme Court made clear, the fact "that a claim was unacceptable to that particular court at that particular time" cannot constitute cause to excuse the procedural default. *Bousley*, 523 U.S. at 623.

That rule is reasonable and basic in its application; a claim is unacceptable only until it has been accepted. Both Moore and Hamid Rehaif faced the same legal predicament when their cases were prosecuted in 2008–2009 and 2015–2016, respectively. Neither of them could successfully raise a knowledge-of-status argument at trial because that argument was barred by binding circuit precedent. *See Jackson*, 120 F.3d at 1229; *Langley*, 62 F.3d at 606. Moore did not pursue the issue. Rehaif did. As explained by the district judge in Rehaif's case, he vigorously pursued the issue throughout the prosecution of his case, ultimately prevailing before the Supreme Court. *See United States v. Rehaif*, No. 6:16-cr-00003, 2020 WL 1904068, at *3–5 (M.D. Fla. Apr. 17, 2020) (vacating Rehaif's conviction after remand and detailing counsel's extensive efforts to raise the knowledge-of-status issue at trial). Thus, because Moore, like Rehaif, "plainly had at his disposal the essential legal tools with which to construct his claim," he cannot establish cause to excuse his procedural default.[8] *Sanders*, 247 F.3d at 146.

---

[8] Although Moore could have pursued the issue, his counsel's failure to do so does not amount to ineffective assistance of counsel such that his procedural default should be excused. *See, e.g.*, *Murray v. Carrier*, 477 U.S. 478, 486 (1986) ("[T]he mere fact that

14

b.    *Prejudice*

Likewise, Moore cannot establish prejudice. To show prejudice in the habeas context, "[t]he habeas petitioner must show not merely that the errors at trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 494 (cleaned up).

Moore has made no effort to show that he suffered prejudice from the *Rehaif* error. He has not alleged that, at the time he possessed the firearm, he did not know he had been convicted of an offense punishable by imprisonment for a term exceeding one year. *See Greer*, 141 S. Ct. at 2098 ("[N]either [defendant] has argued or made a representation that they would have presented evidence at trial that they did not in fact know they were felons when they possessed firearms."). It is not surprising that Moore has not made that allegation because he has at least three prior convictions for offenses that were not only *punishable* by imprisonment for a term exceeding one year, but for which he *received* sentences of more than one year. *See* PSR ¶ 24 (possession with intent to distribute cocaine; sentenced to eight years with four years suspended); PSR ¶ 25 (conspiracy to distribute cocaine; sentenced to ten years with

---

counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default."); *United States v. Dyess*, 730 F.3d 354, 363 (4th Cir. 2013) (concluding that counsel was not ineffective in failing to anticipate *Apprendi v. New Jersey*, 530 U.S. 466 (2000)); *United States v. McNamara*, 74 F.3d 514, 516–17 (4th Cir. 1996) (concluding that counsel was not ineffective in failing to raise an issue that was barred by circuit precedent at the time).

15

five years suspended); PSR ¶ 33 (possession of a firearm while a convicted felon; sentenced to three years with two years suspended). On the two drug convictions, he actually served more than one year in prison—over four years, in fact.[9]

Moore also does not allege that he would not have simply stipulated to the knowledge-of-status element, just as he did to the fact-of-status element. It is reasonable to conclude that he would have good reason to enter such a stipulation. If he did not, the Government likely would have put up specific evidence about his prior felony convictions, the sentences he received, and the prison time he served. This evidence, which would have been used to show that he knew he was a felon when he possessed the firearm, would have shown that his firearm possession came after he served over four years in prison for two drug dealing convictions and after serving time for a prior felon in possession conviction. *See Greer*, 141 S. Ct. at 2097 ("[A]bsent a reason to conclude otherwise, a jury will usually find that a defendant *knew* he was a felon based on the fact that he *was* a felon."); *Caldwell*, 2021 WL 3356951, at *14 (concluding that where a defendant actually served sentences longer than one year, it is "virtually impossible to believe he did not know he had been convicted of crimes punishable by such sentences"). Presenting instead a generic stipulation that he had a prior felony conviction and that he knew about that conviction would have prevented the jury from hearing details about the number or type of his prior

---

[9] On both convictions, he was initially imprisoned from April 5, 1990 until being paroled on March 25, 1992 (over 23 months). Then his parole was revoked on June 6, 1994 and he was not re-paroled until January 16, 1997 (over 31 months). *See* PSR ¶¶ 24, 25.

16

convictions, how long his sentences were, and how long he actually served. Thus, because the *Rehaif* error did not "work[ ] to his actual and substantial disadvantage," he has not demonstrated prejudice. *Murray*, 477 U.S. at 494.

### 2. *Actual innocence*

Likewise, Moore cannot establish that he is actually innocent of violating § 922(g)(1). As the Supreme Court has made clear, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.*

This standard is particularly difficult to meet in the context of a *Rehaif* error. "The Government's obligation to prove a defendant's knowledge of his felony status is not burdensome, as 'knowledge can be inferred from circumstantial evidence.'" *United States v. Sumter*, No. 3:02-cr-00499, 2021 WL 3173176, at *11 (D.S.C. July 27, 2021) (quoting *Rehaif*, 139 S. Ct. at 2198). The Supreme Court recognized the difficulty faced by such defendants:

> If a person is a felon, he ordinarily knows he is a felon. Felony status is simply not the kind of thing that one forgets. The simple truth is not lost upon juries. Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant *knew* he was a felon based on the fact that he *was* a felon.

*Greer*, 141 S. Ct. at 2097 (citation omitted). Moore does not meet this standard for the reasons discussed in the prejudice section of this order.

Because Moore's *Rehaif* claim is procedurally barred and he cannot establish either cause and prejudice or actual innocence to excuse the default, his petition

17

should be dismissed. *See Bousley v. United States*, 523 U.S. at 622.

### D. Merits

Finally, even if Moore were able to excuse his procedural default, the Court concludes that his claim would fail on the merits. Like in the procedural default context, a habeas petitioner is not entitled to relief on the merits based on a trial error unless he can show that it resulted in actual prejudice to him. *Davis v. Ayala*, 576 U.S. 257, 267 (2015). This requires "more than a reasonable possibility that the error was harmful." *Id.* at 268 (citation omitted). "Under this test, relief is proper only if the federal court has grave doubt about whether a trial error . . . had substantial and injurious effect or influence in determining the jury's verdict." *Id.* at 267–68 (citation omitted).

In Moore's case, the Court does not have "grave doubt" about whether the *Rehaif* error prejudiced him. *Id.* As discussed in detail in the prejudice section of this order, it is reasonable to conclude that the error did not prejudice him because he has neither alleged that he would have raised this argument at trial nor would there have been a factual basis for him to do so. Accordingly, his petition cannot succeed on the merits.

## III. Conclusion

Because the Court agrees with the Report's conclusion that the petition should be dismissed, the Report, ECF No. 30, is **ACCEPTED AS MODIFIED**. The Government's motion for summary judgment, ECF No. 23, is **GRANTED**. This action

is hereby **DISMISSED**.

       **IT IS SO ORDERED**.[10]

                                                          *s/ Terry L. Wooten*
                                                          Terry L. Wooten
                                                          Senior United States District Judge

August 27, 2021
Columbia, South Carolina

---

[10] Unlike in a § 2254 or § 2255 proceeding, it is not necessary for a petitioner to obtain a certificate of appealability to appeal an order dismissing a § 2241 petition. *Sanders v. O'Brien*, 376 F. App'x 306, 307 (4th Cir. 2010).

19